2009-1210 Beyley Construction v. Army Mr. Carter, whenever you're ready For you in the audience, this is an appeal from a Board of Contracts appeal which is appealable directly to the Federal Circuit Mr. Carter May it please the Court My name is Mark Carter, I represent Beyley Construction in this matter There's only one thing that I have to try to convince you of today and that is that Beyley was prejudiced when the Board granted Army's motion to amend its answer So I'm going to get right to the heart of it In the Army's answer, they made a formal concession or affirmative representation that it would pay Beyley's health and welfare claim Why is it prejudicial for the Court or the Board to have allowed the complaint to be amended I'm sorry, the answer being amended? The answer being amended to provide for the elimination of the admission You still need to prove that the act was taken by the Army It's still your burden of proof Doesn't it just shift the burden of proof in this situation? Well, yes, Your Honor, it does shift the burden of proof because it takes what is a judicial admission which requires no further proof It requires nothing more than Beyley submitting the Army's answer to be awarded its claim and turns it into an evidentiary admission in which case Beyley can submit that admission as evidence and the Army would be allowed to explain why it retracted that admission and the prejudice is that that decision to amend wasn't made until the Board ruled on the overall opinion of the matter So at the time the parties submitted their Rule 11 briefs the effect of that admission in the Army's answer was that it was a judicial admission at the time they submitted the briefs At the time your client decided to have the case go off on Rule 11 on paper as opposed to a trial you knew that the government was going to change its mind The record shows that Yes, Your Honor, our client knew that the government intended to change its mind Right, so you could have said, whoops, no Rule 11, we're not going to play that game Well You're going to switch on us, we're not going to play that game You could have done that Possibly, Your Honor, except that at that time there's no motion to be ruled on There's no motion I understand that, but then after the government finally files its request to amend its answer you could have asked to be released from your Rule 11 commitment, correct? Yes, Your Honor, we could have done that Let me ask one question My understanding was that if your client was going to get relief here, they were going to get it through FAR 14-407? Yes, Your Honor, that would be on the merits That was the avenue, that was the provision that we hoped would, and that's what we thought the concession was all about Yes, Your Honor I want to come back to your initial statement that the government's answer was this complete admission of liability If you look at page A-54A in the answer, this is before you get to the conclusionary matter where they made what the concession is called The government denies that FAR 14-407 applies to the contract Yes, Your Honor If the government is denying in its answer that your only avenue of relief is applicable, then I'm not certain I agree with you that the statement that comes in the conclusion constitutes an absolute, thick, rock-hard confession on the issue How do you square the answer on page 54A saying FAR 14-407 doesn't apply to the contract with your theory that the language that's in A-55-56 constitutes a flat-out admission? Well, the denial that FAR 14-407 applies to the contract just goes to that one avenue of the claim, but what the Army did But there wasn't any other avenue As I understood it, unless the government was just going to give away the money for fun, if the government was going to allow you relief, it would be because of an error that was discovered after contracting and you would go to FAR 14-407 if you had to try the case to try yourself up inside of that wreck Except, Your Honor, that that admission, that's a formal concession in the pleading, that is an affirmative representation that the Army was going to pay the health and welfare line You agree that it's an abusive discretion standard of review, I believe, and so in order to rule for you, we have to agree with your one or two or three arguments as to prejudice Either you didn't get enough discovery, or you were impaired because you didn't get a ruling on the motion to amend until after the whole decision was up Yes, Your Honor Why is that causing you any prejudice when the face of the decision of the contract board tells us that they were aware of this problem from the government's point of view and they must have taken it into account It's not as if the deciding board was unaware that the government had once upon a time confessed error and then wanted to retrieve the confession Right, well, the board was aware. The board states that in its findings of fact and in its opinion, but didn't consider that admission at all in the opinion, neither in granting the motion to amend nor in ruling on the merits of the case How do we know they didn't consider it and reject it? It is not going to be considered as, when they grant the motion to amend, it ceases to be hard rock evidence of confession, right? Yes, Your Honor, you're right, except that at the time you didn't argue to them that it should be considered to be an evidentiary admission, did you? No, Your Honor Well, so it's not surprising then they didn't address that question But at the time that the briefs were submitted, it was not an evidentiary admission. It was a judicial admission Yeah, but you knew that the motion to amend had been filed, so you could have argued and said, if the motion to leave to amend is filed, this is still an evidentiary admission and you should consider it to be such, right? Yes, Your Honor, I probably could have done that But you were allowed to conduct additional evidentiary discovery I did not conduct additional You were allowed to conduct additional evidentiary discovery after the amendment was made Yes, Your Honor You did not obtain any prejudice. You did do additional evidentiary discovery Yes, Your Honor, except that, keep in mind that at the time the Rule 11 briefs were submitted, it was a judicial admission that was only changed to an evidentiary admission upon the Board's ruling on the motion to amend That goes to Judge Dyke's question, which is, once you knew the direction in which the government wanted to go and the Board hadn't ruled on it one way or the other, then your safe position is to argue on the alternative Is to say, for example, if you're going to grant the motion, we need more discovery for this reason or that reason. If you're not going to grant the motion, we need discovery for this or that reason Well, as to discovery, yes, Your Honor, but as to the prejudice and as to presenting the case, it's very prejudicial to any party to be told that, you know, here's what you have to prove, but you don't know exactly what your burden is or if the burden is going to shift until after the court rules Well, no, I don't think that's true. I mean, if the government, if the motion to amend the answer had been denied and if the court had said, look, this is a judicial admission, bang, government loses, then you know what you have to argue in order to support that position. Pretty clear On the other hand, if that answer, original answer becomes a piece of evidence as opposed to a confession of error, then you know what you have to do to build your case to win given the fact that it's a point of evidence only, right? Yes, Your Honor So I don't know why it is that other than the fact that you may not have argued fully in the alternative, I don't see where you were impaired. Well, the impairment is that Probably impaired from the fact that the board decided to wait to decide the whole case at once as opposed to piecemeal Right, Your Honor. And that's where the impairment and the prejudice occurred. The board, the, you know, at the time the parties submitted the briefs, it was a judicial admission. It's not, there's no evidentiary standard for judicial admission contingent upon a later board ruling. It's a judicial, it's either judicial admission as the way it was submitted or it's an evidentiary admission after the board rules on a motion to amend. And to ask any party to say, you have to present your case based on, you can think about what it is based on the status of the pleadings and the status of the evidence now, but we may change that status later and we're not going to give you the opportunity to reform or make your argument better. But you were allowed the opportunity to find further evidence to support your position? Yes, Your Honor. Did you take advantage of that? Somewhat. Somewhat. Not completely. There's no complaint that Bailey has. So basically you failed to carry your burden. No, Your Honor, because at the time the parties submitted the briefs, it was a judicial admission. There's no burden other than submitting as evidence the admission. My original point was at that time you knew that your adversary was flipping on you, and you at least sensed that the board wasn't going to decide the flip issue right away, and you were facing a discovery issue. You had to proceed on the possibility that you were going to be adversely ruled upon on the motion to amend, right? Yes, Your Honor, and that's exactly where the prejudice is because… …we go up to a judge and we ask for a motion in limine to keep this witness out, and the judge says, I haven't made up my mind yet. I'm going to take that motion under consideration. So you have to play in the alternative? Yes, Your Honor, at trial. What's the difference between being put in the position of having to play two fiddles at trial and having to play two fiddles in preparation for trial? Well, the main difference, Your Honor, is that when they submitted the briefs, that was it. There was nothing else. If you're at trial and that decision is made during trial, then you have the ability to… Right, but we've isolated one of the areas of your stated prejudice was I didn't get enough discovery. Now, is that argument pitched on an impossibility of time, given the fact that you knew what the cut date was for submission? I didn't see in your brief that you were arguing that you needed some additional discovery, and because of what happened, it would have been impossible for you to get it. No, Your Honor, that wasn't in the brief. We have to concede that… That would be a ground on which to be able to show real prejudice, right? Yes, Your Honor, it would. You never asked for any discovery that you didn't get, right? Bailey did not preserve that issue well at the board level. So, as the record is, no, there was no discovery that Bailey didn't receive that he asked for. Thank you, Mr. Carter. We'll restore three minutes of your rebuttal time. Thank you. We'll go to Mr. McNeil. Good morning, and may it please the Court. Bailey knew when it decided that there should be no hearing that both the… not only that the government was going to change its position, but that the board was going… was not going to decide to allow the amendment until after the submission of the record… until after the submission of the claims. And we know that from the board's order by April 3rd, and from… So, Bailey knew that going into the Rule 11? It did. We know that because in its motion to compel, Bailey says that there was a March 25th status conference at which the board allowed the additional discovery since it was going to… it was going to hold off on deciding whether to allow the amendment until after the submission of the claims. And then on… that's at page 59C. And then in the board's order, setting forth the remainder of the schedule, it says that the parties have agreed to the cancellation of the hearing and to the submission of their positions on the record. And then it refers to the input of the parties on March 27th and April 2nd. The parties have agreed to the following schedule. So, from that we can infer that Bailey also knew that there… that the… that the… well, it knew when it agreed not to have a hearing that that was going to be the process. So, any complaint now that if it… if it only had knew what was going to happen and had the opportunity of a trial and could have corrected it is contradicted by that. But… but… There is a… Go ahead. They have a point, right, that maybe it would have been better for the board to decide this motion for relief to amend earlier so that when the briefing was done that both sides would know what the situation was, right? In this case, no, Your Honor, because both sides knew exactly what the situation was. No, no, no, but come on. I mean, wouldn't it be better for the parties, for the board to tell everybody whether the amendment was going to be allowed or not before the briefing took place? I agree that it would be more usual, but I don't agree that it would be better because it was a very fine point. Well, this amendment wasn't asking for a counterclaim or an affirmative defense or anything that Bailey itself didn't impose… any burden that Bailey itself did not impose upon itself when it brought the appeal. This is… it's banner claim and it's… But litigation should be a shell game where you essentially agree to one thing and you answer and then all of a sudden change it before the board. It's a type of a situation where if in fact their burden increases and they don't have the time to really establish the record or even at that point to change their trial strategy, isn't that really prejudicial? No, I agree with Your Honor that it shouldn't be a shell game, but this wasn't a shell game because the Army did say before the first scheduled hearing that it wanted to change its pleading. That's what their Rule 7 and trial courts… Rule 15 is all about, to decide whether a party is allowed to change its position. We don't agree that this was an admission of liability, but even if it were, even if the Army had said they're entitled to this compensation or that the bids did put the contracting officer on notice, it still should have had the opportunity to change its position on those things as long as it wasn't unfair to Bailey. And it wasn't unfair because all this did was make Bailey prove the burden that it brought in its appeal. It had all the time it asked for for discovery. It obtained all the discovery it requested. It knew what proceeding it was getting into, when it agreed to get into it, and it presented all the evidence it wanted to on these alternative claims. Well, with that kind of a statement in the record, though, I would have thought that the Army and the contractor would have sat down and tried to settle the case. It would seem to me that that was an invitation for a settlement. It may have been presented that way. I don't know, and I don't know whether… Well, I do know that there had been some talk about settlement, but when it came right down to it, Bailey did present as much of these alternative claims as it wanted to. In fact, the only reason it submitted any evidence on its health and welfare claim in those two memoranda that are in the record is because it knew it may have to bear its burden because the board might grant the motion to amend it. Isn't your answer to Judge Dice's question as to whether it wouldn't have been better for the board to decide the motion on the amendment earlier, yes, it would have been better, but it isn't required. You're sort of dancing around. It would seem to me that everyone would agree that it would be better to know going into trial what it is you have to prove as opposed to have to prove alternative grounds. Coming to your statement that you made with your brusque, quick presentation, you say, well, it's not an admission. The government doesn't concede that what we see at page 55 and 56, you say it's not an admission. What is it? If you look at it, it says the contracting officer will issue a modification that compensates appellant for the difference between A and B so we know exactly how much money it is. We will issue a modification. Why isn't that an admission? Because it doesn't use words that accept liability or whatever. If it had said because Bailey is entitled to compensation, the contracting officer will compensate, then I would agree. But the contracting officer can just give money away to which people are not entitled. No, I don't think he can. I don't think he can do that either. So the offer to make the payment had to be based on a notion that there was an entitlement to it. I agree. It had to be based on some assessment. But when you agree to that, sir, how can you say it's not an admission? Well, I agree that... You have a litigating strategy. You like to talk real quick so you don't have to answer questions. So as Judge Ike said, the way in which you interpret this language, it's a gift. Someone in the government says, I just feel sorry for you. I'm just going to give you some of the taxpayers' money. You have now admitted that it can't be that because it would be illegal. So there has to be a legal predicate for the government saying we will issue a modification of dollar sign dollars. That's what this language says. Why isn't that an admission? Well, I'll have to step back because it is not an admission because it doesn't state... Do you think you do your position any good as a litigant to come in and have the main feature in your brief being there's no admission here? Uncle Sam doesn't admit to things. Your Honor, the... Don't you think it's sort of silly? Once you look at this statement, do you have any other basis for arguing that this didn't constitute an admission? I do, Your Honor. The Army in its reply to Bailey's opposition to the Army's motion to amend explained that this is, and this is its characterization, a gratuitous summary of what it intends to do with the case. And it said it is not an admission of liability. And it's not now. I agree that a contracting officer cannot give money out without a basis in law. But that doesn't mean a party cannot, for example, and I hope that this is not what happened. Well, don't the facts of the case as related to us by the board indicate that what was going on, this I'm talking now about the memo that was in Spanish that was translated into English, that some contracting officer or some lawyer was trying to give away some money if they could. They'd see if they could find a way to do it. That may be... And then that beneficent, kind-hearted attorney got fired and replaced by a hard-nosed attorney that says government doesn't give money unless there's a legal basis for it. Well, that part about why counsel changed, Your Honor, I don't know what counsel changed, but I know that former counsel is an attorney in my office. I talked to him and he did not bring up that. But what the contracting officer's position is ambiguous because on March 12th, in the CO's decision in the record, the contracting officer denied this claim. Ten days later, this answer was filed in which, in the paragraph Your Honor pointed out, the Army denies the predicate that would lead to liability, and then they state later that the contracting officer apparently nevertheless will compensate the claim. Maybe that was an assessment of litigation risk. Maybe it was a decision to try to settle. I don't know what was in the contracting officer's head when he said that. But what I'm pointing out is that, like many settlement agreements parties enter into, there is no admission of liability, but we will pay you anyway. And this is what I regard that as. But Bailey knew going in, and what it was facing in the event that the motion was granted, it listed all the evidence that apparently it wanted to list. In the alternative, on those two pages in the brief that we point out, it first says that this is an admission, and then it says, in the alternative, we're entitled to relief on the merits. It goes on to explain why. It doesn't say that we're entitled on the merits because, at least in part, the Army said the contracting officer will modify the contract to pay. So there is no – the standard is not only abuse of discretion, but whether there is substantial evidence that Bailey was not prejudiced, there is substantial evidence that it was not prejudiced. There's no overwhelming evidence to the contrary. Contrary for those reasons, the court should defer. Thank you, Your Honor. Thank you. Mr. Carter, you have three minutes. Thank you, Your Honor. Just a couple of quick things. I believe it was referred to, this claim, that it was a quote-unquote fine point. It's a major point for Bailey. This is over $340,000 of a $550,000 claim. How it proceeded with litigating and approving this claim was a major deal. And there's been a lot of discussion about what Bailey knew when – regarding the Army's intentions when they agreed to the Rule 11 briefs. Keep in mind also that the only predicate that we found that the Army based its decision on to withdraw that statement or amend, the answer was the DCAA audit, which was provided at the end of February. The Army waited until April 11th to amend – to move the board to amend its answer. Mr. Carter, did you ever request a termination of the Rule 11 acceptance that you had given on the briefs? Couldn't you withdraw your Rule 11 request? We didn't withdraw it, Your Honor. You could withdraw it, couldn't you? We could have withdrawn it, yes, Your Honor. You could say, instead of going on the briefs themselves, we're going to go forward with a hearing. Yes, Your Honor. Bailey could have done that, except that, you know, there's no motion until there's a motion. At the time that the Rule 11 briefs were – that they decided to go forward with the Rule 11 briefs, they didn't know if the Army was going to amend the answer. And at the time – No, no, you knew that they were going to amend the answer when you agreed to the Rule 11 procedure. Your Honor, we knew that they intended – that they stated that they intended to, but until it's followed – You were at risk. Yes, Your Honor, we were at risk. But at the time the briefs were submitted, the status of the answer was that it contained a judicial admission. And that status didn't change based on what Bailey thought that the Army might or might not do. But you could have asked the Board, instead of moving forward on the briefs, to have a hearing on the matter. Withdraw your acceptance of the Rule 11 procedure. Yes, Your Honor, we could have done that. However, you know, in the last couple of weeks before Rule 11 briefs were due, seeing that the status of the admission – of the answer was that it contained – it was a judicial admission, you know, there's no reason to believe at that point that it would not – it would be considered as anything other than a judicial admission. However, having said that, you know, we know what happened. That Bailey went forward with the Rule 11 briefs, knowing that there might be a chance that it could be – that they could be ruled adversely against. That doesn't make it right, Your Honor. That's just what happened. Thank you. Thank you, Mr. Carter.